# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

RICHARD DIAZ,

                Plaintiff,

    v.

MATTHEW CATES, et al.,

                Defendants.

_____/

CASE NO. 1:11-cv-00744 DLB PC

ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE FIRST AMENDED COMPLAINT

(Doc. 1)

FIRST AMENDED COMPLAINT DUE IN THIRTY DAYS

## Screening Order

### I.   Screening Requirement

Plaintiff Richard Diaz ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 9, 2011.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader

1

is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id. at 1949.

## II.   Summary of Plaintiff's Complaint

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  He is housed at Avenal State Prison ("ASP") in Avenal, California, where the events giving rise to the claims at issue in this action allegedly occurred.  Plaintiff names Matthew Cates, Secretary of CDCR; Former Warden Kathy Mendoza-Powers; Warden James D. Hartley; Former Associate Wardens L. Ochoa and Castro; Captain Beasley; Lieutenant L. Lopez; Sergeant M. Whiteman; Chief Medical Officer Ellen Greenman; Medical Doctors P. De Paulo, S. Abdou, Tang, Campbell, and M. Boparia; Dentists W. F. Jennings and D. Lindquist; Licensed Vocational Nurse ("LVN") Keister; Registered Nurse S. Malogi; CEO for Health Care Services D. B. McElroy; Surgical Dentist A. Janette at Twin Cities Community Hospital; Twin Cities Community Hospital and Does 1-10 as defendants.  Plaintiff seeks money damages and injunctive relief.

Plaintiff alleges the following: On December 22, 2007, Plaintiff was attacked and assaulted on Facility IV, which is the sensitive needs yard ("SNY") at ASP.  As a result of the attack, Plaintiff received a left mandibular body fracture and left mandibular subcondular fracture ("broken jaw").  On the day of the attack, Plaintiff informed Sergeant Whiteman that his jaw was broken.  Defendant Whiteman escorted Plaintiff to the Facility IV Clinic for evaluation.  The LVN on duty made a determination that Plaintiff's condition was a broken jaw, but Defendant Whiteman failed to have the examination and diagnosis documented on a "7219 medical report" of injury or unusual occurrence. Compl, p. 11:19-22. On December 23, 2007, Defendant Whiteman asked LVN Salinas to sign a "7219 medical report" for the previous day.

On December 26, 2007, x-rays were taken at the infirmary verifying a broken jaw.  Plaintiff

Case 1:11-cv-00744-DLB   Document 6   Filed 11/16/11   Page 3 of 10

was sent back to Facility IV in extreme pain.  On December 28, 2007, Plaintiff spoke with LVN Barajas about the broken jaw and was told to submit a CDCR medical report form.  As Plaintiff was unable to eat and was in excruciating pain, LVN Barajas notified Defendant Jennings, who had Plaintiff admitted to the Outpatient Housing Unit ("OHU").

Surgery was completed on December 31, 2007.  Plaintiff claims the operation performed by Defendant Janette was grossly inadequate and departed from established standards.  Plaintiff alleges that the placing of screws into the mandible mental nerve by Defendant Janette was intentional recklessness.  Compl. p. 14:6-18.  Plaintiff also claims Twin Cities Community Hospital is responsible for the inadequate medical care by failing to monitor Defendant Janette on December 31, 2007.  Compl. p. 16:17-27.

During Plaintiffs stay in the OHU, inmates performed health care services in the preparation of therapeutic diets.  Plaintiff suffered from a condition that caused difficulty in eating regular diets.  While in the OHU, he was forced to use his fingers to assist in completing a bowel movement.  Compl. He asserts that certain defendants failed to provide him a special diet.  Compl. p. 16:4-8.

On April 27, 2010, Plaintiff was seen by Defendant Tang and was "told that his medical condition was a dental problem and was sent back to his housing unit."  Compl. P. 17: 20-21.  Defendant Tang refused to look at a first level appeal response verifying that Plaintiff's issues should be addressed to the medical department.  Defendant Tang also refused to examine Plaintiff or renew his pain medication.  Plaintiff continued to suffer extreme pain and discomfort.  Compl. P. 17:18-18:1.

On May 15, 2010, Defendant LVN Keister cancelled Plaintiff's physician referral after he refused to sign an acknowledgment to stop taking medication.  Defendant Keister refused to examine Plaintiff or take his vital signs.  Compl. pp. 16:-17:17.

Plaintiff claims that certain defendants repeatedly delayed performing or ordering medical tests.  He also claims that certain defendants ignored his pleas of pain and discomfort from December 31, 2007, through February 26, 2009. Compl. p. 13:8-14:5.

Plaintiff also alleges that certain defendants failed to perform adequate investigations of his health care appeals.  Compl. pp. 18:2-19:5.

1   Plaintiff asserts violations of the Eighth and Fourteenth Amendments, along with state law

2   claims.

3   **A.      First and Second Claims for Relief - Eighth Amendment**

4          Right to Personal Safety/Deliberate Indifference to Risk of Harm

5          The Eighth Amendment protects prisoners from inhumane methods of punishment and from

6   inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).

7   Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with

8   food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S.

9   825, 832-33 (1994) (internal citations and quotations omitted). Prison officials have a duty to take

10   reasonable steps to protect inmates from physical abuse. Id. at 833; Hearns v. Terhune, 413 F.3d

11   1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other

12   inmates may rise to the level of an Eighth Amendment violation where prison officials know of and

13   disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer at 847; Hearns at 1040.

14          Plaintiff claims that former Warden Mendoza-Powers, Warden Hartley, former Associate

15   Wardens L. Ochoa and Castro, Lieutenant L. Lopez and Sergeant M. Whiteman were aware of

16   existing gangs within the SNY yards at ASP and failed to take action in response to complaints of

17   such gangs. Compl. pp. 9:19-11:12. This is not sufficient to demonstrate that these defendants knew

18   of and disregarded an excessive risk to Plaintiff's health or safety. Plaintiff fails to show that these

19   defendants were aware of any threats to Plaintiff's personal safety. Plaintiff's concern about

20   placement in the SNY is not sufficient.

21   **B.      Third, Fourth, and Fifth Claims for Relief - Eighth Amendment**

22          Deliberate Indifference/Denial of Medical Care

23          "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

24   must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096

25   (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part

26   test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by

27   demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or

28   the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was

4

1   deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059

2   (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th

3   Cir. 1997) (en banc) (internal quotations omitted)).   Deliberate indifference is shown by "a

4   purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused

5   by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  In order to state a claim for violation

6   of the Eighth Amendment, Plaintiff must allege sufficient facts to support a claim that the named

7   defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer, 511

8   U.S. at 837, 114 S.Ct. at 1979.

9        In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's

10   civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere

11   'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."

12   Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at

13   105-06.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical

14   condition does not state a valid claim of medical mistreatment under the Eighth Amendment.

15   Medical malpractice does not become a constitutional violation merely because the victim is a

16   prisoner." Estelle, 429 U.S. at 106.  Even gross negligence is insufficient to establish deliberate

17   indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.

18   1990).

19        Also, "[a] difference of opinion between a prisoner-patient and prison medical authorities

20   regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344

21   (9th Cir. 1981) (internal citation omitted).  To prevail, Plaintiff "must show that the course of

22   treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that

23   they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v.

24   McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).   A prisoner's mere

25   disagreement with diagnosis or treatment does not support a claim of deliberate indifference.

26   Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

27        Plaintiff does not state a cognizable claim against Defendant LVN Barajas for deliberate

28   indifference.  Plaintiff alleges that he spoke with Defendant Barajas about his broken jaw on

1   December 28, 2007. She reportedly told him to submit a medical report form and said that he would

2   be seen by a doctor within 21 days. However, Plaintiff also alleges that because he was unable to

3   eat and was in excruciating pain, Defendant Barajas notified Defendant Jennings, who had Plaintiff

4   admitted into the OHU, and surgery was completed on December 31, 2007. Compl. p. 12:4-14.

5   Plaintiff fails to include factual allegations showing that Defendant Barajas failed to respond to his

6   pain or possible medical need or that she disregarded an excessive risk to his health.

7        Plaintiff does not state a cognizable claim against Defendant Janette. Plaintiff fails to include

8   specific factual allegations, as opposed to legal conclusions, showing that Defendant Janette was

9   deliberately indifferent to Plaintiff's serious medical need, or that the course of treatment given to

10  him was medically unacceptable under the circumstances. As Plaintiff does not state a cognizable

11  claim against Defendant Janette, he likewise does not state a cognizable claim against Defendant

12  Twin Cities Community Hospital for failing "to monitor" Defendant Janette, for allowing Defendant

13  Janette "to continue with a course of treatment in the face of resultant pain,"or gross "reckless[ness]

14  in managing subordinates." Compl. p. 16:17-27.

15       Plaintiff also does not state a cognizable claim against Defendant Keister for deliberate

16  indifference. Plaintiff essentially admits that he refused to sign an acknowledgment form required

17  for surgery. Compl. p. 17:3-4. Plaintiff fails to provide any factual allegations to show that

18  Defendant Keister disregarded an excessive risk to Plaintiff's health.

19       Additionally, Plaintiff fails to state a cognizable claim against Defendant Tang. Plaintiff

20  alleges that he was seen by Defendant Tang on April 27, 2010, but was told that his medical

21  condition was a dental problem and sent back to his housing unit. Plaintiff further alleges that

22  Defendant Tang refused to examine or to renew Plaintiff's pain medication. Compl. pp. 17:18-18:1.

23  Plaintiff fails to allege that Defendant Tang knew of and disregarded an excessive risk to Plaintiff's

24  health. Plaintiff also fails to allege the circumstances surrounding the events on April 27, 2010, or

25  identify a lack of  existing pain medication.

26       As to the remaining defendants, Plaintiff has not alleged sufficient facts in his complaint

27  show any other of the named defendants were deliberately indifferent to Plaintiff's serious medical

28  need, or that the course of treatment given to him was medically unacceptable under the

circumstances. Although Plaintiff's complaint and attached exhibits total more than 200 pages, he has failed to identify specific acts or omissions leading to a deprivation of a federal right by these defendants. It is Plaintiff's duty to correlate his claims for relief with their alleged factual bases. Plaintiff cannot merely provide exhibits and a cursory statement of events and expect the Court to guess the facts Plaintiff believes show any given constitutional violation(s) by each of the defendants. The bulk of Plaintiff's allegations regarding deliberate indifference are legal conclusions, not factual allegations.

To the extent Plaintiff attempts to establish liability against certain defendants based on their failure to respond properly to his inmate appeals, he fails to state a cognizable claim. Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. Buckley, 997 F.2d at 495.

## C.   Sixth Claim for Relief - Conspiracy

Plaintiff alleges that all or some of the defendants conspired to deprive him of his constitutional rights in violation fo 42 U.S.C. §§ 1983 and 1985.

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d

1059, 1071 (9th Cir. 2006) (quoting <u>Woodrum v. Woodward County, Oklahoma</u>, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" <u>Franklin</u>, 312 F.3d at 441 (quoting <u>United Steel Workers</u>, 865 F.2d at 1541). Plaintiff fails to state a cognizable conspiracy claim under section 1983. Plaintiff has not alleged facts that there was a meeting of the minds to deprive him of his constitutional rights. A bare allegation that defendants conspired to violate his rights does not suffice to give rise to a conspiracy claim under section 1983.

Similarly, a claim under section 1985 must allege specific facts to support the allegation that defendants conspired together. <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 626 (9th Cir. 1988). A mere allegation of conspiracy without factual specificity is insufficient to state a claim under 42 U.S.C. § 1985. <u>Id.</u>; <u>Sanchez v. City of Santa Anna</u>, 936 F.2d 1027, 1039 (9th Cir. 1991).

Plaintiff fails to state a cognizable conspiracy claim.

**D.    Seventh and Eighth Claims for Relief - Equal Protection**

The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." <u>City of Cleburne v. Cleburne Living Ctr., Inc.</u>, 473 U.S. 432, 439 (1985) (citing <u>Plyler v. Doe</u>, 457 U.S. 202, 216 (1982)). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, <u>Serrano v. Francis</u>, 345 F.3d 1071, 1082 (9th Cir. 2003), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000); <u>Lazy Y Ranch Ltd. v. Behrens</u>, 546 F.3d 580, 592 (9th Cir. 2008); <u>North Pacifica LLC v. City of Pacifica</u>, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff fails to allege a cognizable Equal Protection claim. Plaintiff alleges no facts to indicate he is being treated differently from other similarly situated persons. Plaintiff essentially contends that medical care is denied because of costs. This would apply equally to all inmates requiring medical or other treatment.

**E.    Ninth, Tenth and Eleventh Claims - State Law**

Plaintiff also alleges violations of several state laws. In order to state a cognizable state law

8

1   claim against state actors, plaintiffs must plead compliance with California's Torts Claims Act.

2   California v. Super. Ct. (Bodde), 32 Cal.4th 1234, 1245 (2004); Karim-Panahi v. L.A. Police Dep't,

3   839 F.2d 621, 627 (9th Cir. 1988).  Plaintiff fails to allege such compliance.

4   **F.      Twelfth Claim - Supervisory Liability**

5           Plaintiff fails to state a cognizable claim against defendants for supervisory liability.  The

6   term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a

7   misnomer.  Iqbal, 129 S. Ct. at 1949.  "Government officials may not be held liable for the

8   unconstitutional conduct of their subordinates under a theory of *respondeat superior*."  Id. at 1948.

9   Rather, each government official, regardless of his or her title, is only liable for his or her own

10  misconduct.

11          When the named defendant holds a supervisory position, the causal link between the

12  defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley,

13  607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  To state

14  a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating

15  that the defendant either: personally participated in the alleged deprivation of constitutional rights;

16  knew of the violations and failed to act to prevent them; or promulgated or "implement[ed] a policy

17  so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force

18  of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal

19  citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff alleges no facts

20  demonstrating that any of the supervisory defendants personally deprived Plaintiff of his

21  constitutional rights, knew of constitutional violations and failed to act, or promulgated a policy that

22  violated Plaintiff's constitutional rights.

23  **III.     Conclusion and Order**

24          Plaintiff fails to state any cognizable claims against any defendants.  However, the Court will

25  provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies

26  identified in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not

27  change the nature of this suit by adding new, unrelated claims in his amended complaint.  George

28  v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

1  If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P.

2  8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's

3  constitutional or other federal rights. Iqbal, 129 S. Ct. at 1949.   Although accepted as true, the

4  "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."

5  Twombly, 550 U.S. at 555.

6  Finally, Plaintiff is advised that an amended complaint supersedes the original complaint,

7  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567

8  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded

9  pleading," Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

10  complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing

11  to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at

12  1474.

13  Accordingly, based on the foregoing, it is HEREBY ORDERED that:

14  1.      The Clerk's Office shall send Plaintiff a complaint form;

15  2.      Plaintiff's complaint is dismissed for failure to state a claim, with leave to file a first

16          amended complaint within **thirty (30) days** from the date of service of this order;

17  3.      Plaintiff should not add new and unrelated claims to his amended complaint and any

18          attempt to do so may result in the amended complaint being stricken; and

19  4.      If Plaintiff fails to comply with this order, the Court will dismiss this action for

20          failure to obey a court order and failure to state a claim.

21  IT IS SO ORDERED.

22  **Dated:     November 15, 2011**                     **/s/ Dennis L. Beck**
                                                UNITED STATES MAGISTRATE JUDGE